**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**KANSAS CITY KANSAS DIVISION**

| | | |
|---|---|---|
| **DON IRELAND ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 05-CV-2063 JWL/JPO** |
| | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **MIDWEST MECHANICAL** | ) | |
| **GROUP, INC.,** | ) | |
| | ) | |
| **d/b/a** | ) | |
| | ) | |
| **MIDWEST MECHANICAL** | ) | |
| **CONTRACTORS, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**SUGGESTIONS IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND**

**I. Introduction**

Plaintiff Don Ireland (hereafter "Plaintiff") moves for leave to amend his Complaint. Leave is sought because Defendant, Midwest Mechanical Group, Inc. (hereafter "MMG") has moved under Rule 12(b), Fed. R. C. Pro. to dismiss Midwest Mechanical Contractors, Inc. (hereafter "MMC") to the extent there was an intent to include them as party-defendant. [Doc.4] MMG claims that MMC was neither properly named nor served in this matter.[1]

The misnomer that forms the basis of MMG's motion is that Complaint utilizes the connector "d/b/a" rather than "and" to show a connection between MMG and MMC.  Defendant claims that MMC, a wholly owned subsidiary corporation of MMG, is a separate, though very closely related, entity.  Plaintiff now seeks, through the accompanying Motion, to amend his

---

[1]   Only MMG has entered an appearance in this matter.

complaint to name, as MMG suggests, the two entities as separate defendants.   A copy of the

Plaintiff's proposed *Second Amended Complaint* is attached hereto as Exhibit "A."[2]

## II. Leave to Amend

Federal Rule of Civil Procedure 15(a) governs amendment of the pleadings:

> **(a) Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and ***leave shall be freely given when justice so requires.*** A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders. [emphasis added]

The Rule opts for a liberal standard in favor of granting leave to amend pleadings by

noting that such leave is to be "freely given."  *Polin v. Dun & Bradstreet, Inc.*, 511 F.2d 875

(10th Cir. 1975). "If the underlying facts or circumstances relied upon by a plaintiff may be a

proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Here, the facts pleaded by Plaintiff in his original

complaint are sufficient to maintain a cause of action for age discrimination; and at this early

stage of the proceedings, Plaintiff should have the opportunity to have his case heard on the

merits by allowing the proposed amendment.

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'

---

[2]   Prior to service Plaintiff amended his complaint as a matter of right under Rule 15.  The amendment was to correct a factual error in the original complaint that attributed certain discriminatory acts as having been committed by the wrong person.

*Id.*

Clearly, permitting Plaintiff to amend his complaint will not result in undue delay to the proceedings which have only progressed to the complaint and answer stage.[3]  Plaintiff is not engaged in bad faith because the amendment is being sought to clarify the relationship between MMG and MMC by correcting this misnomer in the caption of the complaint.

Further, there is no undue prejudice to either MMG or MMC by granting the Motion to Amend.  Plaintiff's proposed Amended Complaint merely seeks to clarify the relationship between two intertwined corporate entities.  Both MMG and MMC are actually named in the complaint but Defendant contends that factually MMG does not "do business as" MMC but rather owns and operates MMC as a separate corporate entity.  The amendment except for this one clarification does not seek to add acts, conduct, claims, facts, allegations, situations, or circumstances to the original Complaint.

Permitting the amendment will not prejudice either party in defending against Plaintiff's claims.  Given that this matter is still in the pre-discovery phase MMC's is being asked to play "catch up" nor has either been placed in a position where it will not be able to defend Plaintiff's claims on the merits.  Defendant MMG and MMC, though claimed to be separate entities, have numerous overlapping officers and directors.  Additionally, the original complaint names, in several places, MMC as an active participant in the discriminatory behavior.

For example, Bill Chrietzberg, who is specifically named in the original complaint as the person who allegedly caused and directly participated in many of the discriminatory acts is the President of  MMG, the CEO of MMC, and a director of both.  In addition, Dave Cimpl is the Secretary of both Defendant MMG and MMC, and is also a director of both entities.

---

[3]   The Court has set a date of August 22, 2005 for the parties to submit the report of their *Initial Planning Meeting Pursuant to Rule 26(a)(1)*.

Significantly, he is listed with the Kansas Secretary of State as the registered agent both entities and lists the same address and office suite for service both entities.  Clearly, Cimpl, an officer, director and registered agent of both entities, was served with the original complaint, and thus had notice of the claim.  Furthermore, in his duel capacity  Cimpl cannot legitimately claim that he was unaware that MCG was listed in the caption and numerous times throughout the complaint.  At best, he could claim that MMC was in fact named specifically in the caption, but in a mistaken form.  To the extend that Defendant claims that there was an error the proper designation of defendants, it is not of they were ignorant of.

Finally, MMC was named in the EEOC complaint filed by the Plaintiff in this case.  In addition, they participated in the EEOC administrative proceedings that included an investigation and mediation session.  In other words, as if as MMG contends MMC was not properly denoted in the Pleadings, when the summons and complaint were served upon Cimpl, both entities had express knowledge of the Complaint.

## IV. Conclusion

Plaintiff's Motion to Amend his complaint should be granted.  Simply put, justice requires it.  There is no delay, undue burden, bad faith, prejudice, or futility of amendment in this case, such that would support a denial of Plaintiff's Motion.

WHEREFORE, Plaintiff requests that he be granted leave to file the proposed amendments to his Complaint.

Respectfully submitted:

**SANDHAUS & MANDELBAUM, LLC**


_//s// Ronald E. Sandhaus_
Ronald E. Sandhaus, KS Bar 20666
4601 College Blvd., Suite 170
Leawood, KS 66211
Tel: (913) 906-0010
Fax: (913) 491-6353