IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Don Ireland,**

            **Plaintiff,**

**v.**                                                                                 Case No. 05-2063-JWL

**Midwest Mechanical Group, Inc.**
**d/b/a Midwest Mechanical Contractors,**
**Inc.,**

            **Defendant.**

## MEMORANDUM & ORDER

Plaintiff, presently employed by Midwest Mechanical Contractors, Inc., filed suit against defendant "Midwest Mechanical Group, Inc. d/b/a Midwest Mechanical Contractors, Inc." alleging age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. Plaintiff served a copy of the complaint and summons on the registered agent for Midwest Mechanical Group (MMG). Midwest Mechanical Contractors (MMC) now moves to dismiss plaintiff's complaint. According to MMC, it is a legal entity separate and distinct from MMG and, in fact, is a subsidiary of MMG. MMC moves to dismiss on the grounds that plaintiff has not served MMC with a copy of the complaint or summons within the 120-day deadline set forth in Federal Rule of Civil Procedure 4(m) and failed to identify MMC as a party in the summons. In response, plaintiff moves to amend his complaint to reflect his intent to assert claims against MMC as a separate entity, contending that his proposed amended complaint renders the motion to dismiss moot in that the summons and complaint served on MMG are sufficient to constitute

service on MMC.[1]  As explained below, MMC's motion to dismiss is denied, plaintiff's motion to amend his complaint is granted and plaintiff is required to serve MMC with a copy of the complaint and a summons identifying MMC as a party within 30 days of the date of this order.

> Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:
>
> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Under this rule, the court employs a two-step analysis. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). First, the plaintiff is entitled to a mandatory extension of time if the plaintiff demonstrates good cause for failing to timely effect service. *Id*. Second, if the plaintiff fails to show good cause, the court may exercise its discretion and either dismiss the case without prejudice or extend the time for service. *Id*.; *see also* Fed.R.Civ.P. 4 advisory committee notes to the 1993 amendments to subdivision (m) ("The new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.").

---

[1] Plaintiff also asserts that MMG lacks standing to move for the dismissal of MMC and that MMC cannot move for its own dismissal because no attorney has entered an appearance on behalf of MMC and MMC has not requested the right to make a special appearance for the limited purpose of contesting jurisdiction. Contrary to plaintiff's assertions, MMC is not required to enter a special appearance to contest jurisdiction; it may simply raise a jurisdictional objection through a motion brought pursuant to Federal Rule of Civil Procedure 12(b), 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1362 (3rd ed. 2004). Moreover, the record supports the conclusion that counsel for MMG is also representing MMC and, thus, has appropriately entered an appearance in this case.

Thus, the court must first inquire whether plaintiff is entitled to a mandatory extension of time. Rule 4(m) does not define good cause. The Tenth Circuit has interpreted the phrase narrowly, rejecting inadvertence, neglect, mistake of counsel, or ignorance of the rules as good cause for untimely service. *In re Kirkland*, 86 F.3d 172, 174-76 (10th Cir. 1996). Plaintiff's counsel does not contend that the circumstances of this case rise to the level of demonstrating good cause sufficient to warrant a mandatory extension of time. Rather, counsel simply asserts that separate service on MMC was not required as service on MMG was sufficient to constitute service on MMC. While service on a parent company may, in certain circumstances, be sufficient to constitute service on a subsidiary, plaintiff has presented no evidence that those circumstances are present here. *See Hoffman v. United Telecommunications, Inc.*, 575 F. Supp. 1463, 1479 (D. Kan. 1983) (concluding that service of process on parent was sufficient to constitute service of process on subsidiary where entities were alter egos of one another).

The court considers, then, whether a permissive extension of time is warranted and concludes that such an extension is appropriate here, particularly in light of plaintiff's apparent confusion concerning the relationship between MMG and MMC, confusion that was compounded by the fact that the registered agent for MMG is also the registered agent for MMC and the two entities have several common officers and directors. Moreover, the court can discern no prejudice to MMC if plaintiff is given additional time to effect service. The initial scheduling conference has not yet taken place and the parties have not engaged in any discovery, aside from defendant MMG providing to plaintiff its initial disclosures pursuant to Federal Rule of Civil Procedure 26(a). In addition, it is undisputed that MMC has had notice of plaintiff's

3

lawsuit–including plaintiff's intent to assert claims against MMC–since at least the time when MMG was served. In short, the totality of the circumstances justify providing plaintiff additional time to serve MMC.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the motion to dismiss plaintiff's complaint as to Midwest Mechanical Contractors, Inc. (doc. #4) is **denied**; plaintiff's motion to amend his complaint (doc. #12) is **granted**; plaintiff is directed to obtain service on MMC within 30 days of the date of this order and is directed to file his amended complaint within 10 days of the date of this order.

**IT IS SO ORDERED.**

Dated this 30th day of August, 2005, at Kansas City, Kansas.

s/John W. Lungstrum
John W. Lungstrum
United States District Judge
